This court issued the writ of certiorari to the Court of Criminal Appeals, 474 So.2d 106, in order to review that court's affirmance of the trial court's denial of petitioner's petition for the writ of error coram nobis. We reverse.
For an understanding of the issues here to be examined we set out pertinent portions of petitioner's petition for writ of error coram nobis:
"PETITION FOR WRIT OF ERROR CORAM NOBIS
 "Comes now John Anthony Cruse, a minor born May 31, 1966, by and through *Page 110 
Thomas M. Haas, Attorney at Law, and files this his Petition for Writ of Error Coram Nobis, and, in support of said petition, avers as follows:
 "1. Your Petitioner was arrested on January 20, 1981, in Mobile County, Alabama, and charged with several offenses, one of which was the alleged murder of Betty Tait;
 "2. Your Petitioner was originally held for trial in the Juvenile Court of Mobile County, then presided over by James T. Strickland, Judge;
 "3. On May 19, 1981, when your Petitioner was aged 14 years, a hearing was held in the Juvenile Court before the Honorable James T. Strickland, Judge, and after said hearing said Judge Strickland ordered that your Petitioner's case be transferred to the Circuit Court of Mobile County, and that your petitioner be tried as an adult;
 "4. At all times referred to in this petition your Petitioner was and is not trained or otherwise educated in the law, and had and has little or no knowledge of any constitutional or statutory right that he as Petitioner charged with murder and other crimes might possess under the laws of the State of Alabama or the United States;
 "5. The Honorable Stephen M. Gudac was appointed to represent your Petitioner in the proceedings against him in the Juvenile Court of Mobile County and thereafter;
 "6. On information and belief your Petitioner avers that no appeal was taken on behalf of your Petitioner from said order of Judge Strickland transferring the case against your Petitioner to the Circuit Court for trial as an adult. No appeal, as defined by then Rule 28 of the Rules of Juvenile Procedure or 12-15-120 of the Code of Alabama 1975, was taken;
 "7. Your Petitioner avers that said Judge Strickland in said Juvenile Court at said hearing of May 19, 1981, did not comply with the provisions of 12-15-34 Code of Alabama 1975, and particularly Sub-Section (d) of said 12-15-34, and that said order transferring your Petitioner's case to adult court was not made in compliance with the law of the State of Alabama in this regard;
 8. Thereafter, on July 6, 1981, your Petitioner was indicted by the Grand Jury of Mobile County for the alleged murder of Betty Tait and other charges arising out of the same events of the night hours of January 19 and 20, 1981;
 9. Thereafter, your Petitioner, represented by the same court-appointed lawyer, Honorable Stephen M. Gudac, requested to be treated as Youthful Offender under the Youthful Offender Act of Alabama, and your Petitioner avers, on information and belief, that said request to be treated as a Youthful Offender was denied without any investigation whatsoever to determine whether or not your Petitioner was entitled to be considered under said Act; and your Petitioner respectfully avers that the Honorable Robert E. Hodnette, Jr., had no knowledge available to him to determine whether or not said Act should have been applied to your Petitioner and may well have thought that your Petitioner had a criminal record of some sort at that juncture since at the end of the trial of the case in Circuit Court the Honorable Judge Hodnette asked the District Attorney, "Is the Repeat Felony offender law available in this case?" and repeated said question, "Is it involved in this case?" and was told "No" by the District Attorney and appointed counsel;
 "10. Appointed counsel attempted to obtain from the court an order appointing a psychologist and/or a private investigator in order to properly defend your Petitioner in this case, but said request was denied by the court and opposed by the office of the District Attorney of Mobile County, Alabama;
 "11. Your Petitioner was tried by jury in this Honorable Court before the Honorable Robert E. Hodnette, Jr., on January 25, 1982, and January 26, 1982, was found guilty by the jury of the crime of murder, and requested a pre-sentence *Page 111 
investigation. On February 8, 1982, your Petitioner was sentenced to life imprisonment; all of this occurring in Circuit Court Case No. 81-1540;
 "12. Thereafter, Notice of Appeal was given to the Court of Criminal Appeals of Alabama, and the court appointed the Honorable Michael Scheuermann to represent your petitioner, and the appeal was assigned [docket number 1 Div. 382];
 "13. Thereafter, on May 12, 1982, said Michael Scheuermann filed with said Court of Criminal Appeals a no-merit letter advising that he could find no issues to raise on your Petitioner's appeal;
 "14. Thereafter, on July 19, 1982, the conviction of your Petitioner was affirmed in the Court of Criminal Appeals of Alabama.
 "WHEREFORE, your Petitioner prays that this Honorable Court will take judicial knowledge of the records of this court and will consider a hearing to be had on this petition and, upon said hearing, will find as follows:
 "1. The trial of your Petitioner as an adult under the factual situation here was and is illegal, and the failure of appointed counsel to raise this issue by proper appeal or other action entitles your Petitioner to relief by way of Coram Nobis;
 "2. The failure of either trial counsel or appointed counsel on appeal to raise the issue of the transfer of Petitioner's case to Circuit Court by appeal or other appropriate action deprived your Petitioner of adequate counsel at a crucial time during the criminal proceedings against him;
 "3. The failure of either trial appointed counsel, or appellate appointed counsel, to pursue the question of an appointed psychologist or investigator, for your Petitioner, deprived your Petitioner of adequate counsel and representation in the lack of preparation for trial in either the Juvenile Court or Circuit Court at crucial times in the defense of your Petitioner;
 "4. The failure of appointed counsel on appeal to raise the issues of the transfer from Juvenile Court to adult Circuit Court, the denial of Youthful Offender status without investigation or any other procedure, and the denial of funds for a psychologist or investigator, or any other issues on appeal, deprived your Petitioner of adequate counsel at a crucial time in the defense of your Petitioner."
The record shows that at the transfer hearing evidence was heard solely concerning the nature of the offenses charged and the involvement of petitioner. No study or report by Probation Services of the six factors required by Code 1975, § 12-15-34 (d), was offered, or admitted into evidence, or considered by the juvenile court at the hearing. The order of transfer recites:
 "The Court does find there is probable cause as to the allegation in Petition JU-81-51.01 charging the offense of Murder . . . and does further find that the boy cannot be properly disciplined under the Juvenile Court statutes of this State, and the court having arrived at this decision based on the facts and other aspects, does therefore direct that . . . said child be and [he] hereby is transferred. . . ."
Petitioner sustained his burden of proof of the allegations of his petition. The decision of counsel appointed by the juvenile court not to appeal the transfer order, without Cruse's knowledge, consent, or approval, denied him the constitutional right to effective assistance of counsel at a critical stage in the proceedings against him. Wainwright v.Simpson, 360 F.2d 307 (5th Cir. 1966). The record is very clear about this. Court appointed counsel (at the juvenile court stage) for Cruse testified at the hearing on the petition for writ of error coram nobis:
 "Q Well, Steve, to make sure I understand, did you at the time that the case was pending before Judge Hodnette did you make a determination that an appeal could have been made of the transfer ruling? Not whether you did or not, but that one could have been made? *Page 112 
 "A Not — No, when I learned of the ruling was at the time that the boy was finally brought up for trial.
 "Q But you knew that an appeal could have been made?
"A I learned it after he had been transferred, yes.
 "Q And did you make a conscious decision at that time based on all of the facts and circumstances of the case not to file an appeal?
 "A Mr. Beebee, I am not going to tell you I made a conscious decision not to file. It was my opinion that there was no point in it at that time."
(Emphasis added.)
The inadequacy of the transfer order alone, by its failure to fulfill the requirements of Code 1975, § 12-15-34 (d), would have warranted reversal on appeal. Kent v. United States,383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Ray v. State,435 So.2d 53 (Ala. 1983); cf. Mayne v. State, 416 So.2d 741
(Ala. 1982).
For the stated reasons, the judgment of the Court of Criminal Appeals is hereby reversed and this case is remanded to that court for action by it consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.