690 So.2d 1208 (1996)
Ex parte A.D.R.
(Re A.D.R. v. State).
1951541.
Supreme Court of Alabama.
November 27, 1996.
Theresa S. Dean, Opelika, for Petitioner.
Jeff Sessions, Atty. Gen., and LaVette Lyas-Brown, Asst. Atty. Gen., for Respondent.
SHORES, Justice.
A.D.R., a juvenile, was initially brought to the Lee Juvenile Court on four counts of capital murder, those four counts being based on the deaths of three people. After a hearing, the juvenile court determined that A.D.R. should be transferred to the circuit court to be tried as an adult. Neither A.D.R.'s appointed counsel nor the juvenile judge informed A.D.R. that he could appeal the transfer order. After the 14-day period for appeal (see Rule 28, Ala. R. Juv. P.) had expired, the circuit court appointed new counsel to represent A.D.R.
The new attorney filed a motion in the juvenile court for a rehearing on the transfer order, but the motion was denied. A.D.R. appealed the juvenile court's denial, but the Court of Criminal Appeals on June 16, 1995, dismissed the appeal, without opinion. A.D.R. v. State, 678 So.2d 816 (Ala.Crim.App.1995) (table). The new attorney then attacked the transfer order by filing with the juvenile court what the attorney called a Rule 32, Ala. R.Crim. P., petition for "relief from judgment," based upon allegations of ineffective assistance of counsel. The juvenile court dismissed the petition. A.D.R. appealed the dismissal; the Court of Criminal Appeals dismissed the appeal, with an unpublished memorandum stating that Rule 32 does not apply to juvenile transfer hearings and citing J.M.V. v. State, 651 So.2d 1087, 1089 (Ala. Crim.App.1994). A.D.R. v. State, 687 So.2d 231 (Ala.Crim.App.1996) (table). We granted A.D.R.'s petition for certiorari review; we reverse and remand.
A.D.R. cites Ex parte Cruse, 474 So.2d 109 (Ala.1985), in which we considered a juvenile's claim of ineffective assistance of counsel and held that "[t]he decision of counsel appointed by the juvenile court not to appeal the transfer order, without [the juvenile's] knowledge, consent, or approval, denied him the constitutional right to effective assistance of counsel at a critical stage in the proceedings against him." Id. at 111. Ex parte *1209 Cruse relied on Wainwright v. Simpson, 360 F.2d 307 (5th Cir.1966). In Wainwright, relief was granted to a habeas corpus petitioner whose court-appointed trial counsel, although believing that there were meritorious grounds for appeal, had deliberately not moved for a new trial or filed a notice of appeal.
A.D.R. filed a Rule 32 "petition for relief from judgment." The Court of Criminal Appeals held in its unpublished memorandum that Rule 32 relief is available only after a conviction and that Rule 32 affords no mechanism for a court to consider a claim of ineffective assistance of counsel at a transfer hearing, citing J.M.V. v. State, 651 So.2d 1087, 1089 (Ala.Crim.App.1994). In J.M.V. the Court of Criminal Appeals stated that Rule 32 "does not apply to juvenile transfer hearings." Id. at 1089. By its terms, Rule 32 applies to "any defendant who has been convicted of a criminal offense."
While a transfer order is not a conviction, this Court has held that a transfer hearing is a critical stage in a criminal proceeding and therefore requires the assistance of competent counsel. Neither the Alabama Rules of Criminal Procedure nor the Alabama Rules of Juvenile Procedure address the question of how a court may consider a juvenile's claims of ineffective assistance of counsel in regard to the transfer hearing, where no appeal is taken. The petition for the writ of error coram nobis has historically been available for a criminal defendant to raise allegations of ineffective assistance of counsel. Thompson v. State, 525 So.2d 820 (Ala.1985). In fact, in Cruse, the juvenile raised the issue of his counsel's failure to appeal the transfer order, by petitioning for the writ of error coram nobis. 474 So.2d at 109. Rule 32, Ala. R.Crim. P., incorporates the procedure for filing what was classified under prior practice as a petition for the writ of error coram nobis. See H. Maddox, Alabama Rules of Criminal Procedure,§ 32.0 at 782 (1990). Because no other procedure is provided by our procedural rules, A.D.R. has raised the issue of ineffective assistance of counsel by the use of Rule 32, which incorporated the petition for the writ of error coram nobis. At this point we are faced with either allowing A.D.R. to use Rule 32 to raise the issue of ineffective assistance of counsel in regard to the transfer hearing, or requiring him to await trial and, if convicted, raise it on appeal of the conviction or by a Rule 32 petition. A.D.R. awaits trial on capital murder. It would be a waste of time and money for the circuit court to try him as an adult and then, if he is convicted, for the appellate courts to reverse because he had been provided ineffective assistance of counsel.[*]
This Court, in Ex parte S. B., 650 So.2d 953 (Ala.1994), noted that Rule 24, Ala. R. Juv. P., requires the trial judge to explain to the parties their rights:
"Rule 24 ... requires that the judge conducting a juvenile hearing ascertain the presence of all necessary parties and whether they are ready to proceed. The judge must also explain to the parties their rights, the substance of the petition, and the specific allegations contained in the petition. The judge is also required to explain to the parties the nature of the proceedings and the alternatives available to the court should the allegations contained in the petition be admitted or proven."
650 So.2d at 954. No explanation of the right of appeal was given to A.D.R. by the trial judge or by his appointed counsel.
Justice requires that we reverse the judgment of the Court of Criminal Appeals and remand this case with instructions to allow an out-of-time appeal of the transfer order.
The facts of this case indicate a need to amend the Alabama Rules of Juvenile Procedure or the Alabama Rules of Criminal Procedure to designate the procedure to be followed in a fact situation such as this. Until our procedural rules are amended to deal specifically with this problem, this opinion *1210 should serve to remind juvenile judges of the duty to ensure that a juvenile is notified of the right to appeal from a transfer order, and it likewise should serve to remind counsel representing a juvenile to inform the client of his or her rights.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.
MADDOX, J., dissents.
NOTES
[*] [Note from the Reporter of Decisions: Before the Supreme Court issued this opinion, the defendant A.D.R. had been tried on one count of capital murder, convicted, and, on February 1, 1996, sentenced to life imprisonment (Lee Circuit Court, No. CC-95-510). That conviction was, as of November 27, 1996, pending on appeal in the Court of Criminal Appeals, docket no. CR-95-0939.]