LONG, Judge.
The appellant, Omarious Green, appeals from the circuit court’s denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
Green was originally brought to the Montgomery Juvenile Court on four counts of robbery in the first degree. After a hearing, where Green was represented by counsel, the juvenile court determined that Green should be transferred to the circuit court to be tried as an adult. Green did not appeal the juvenile court’s transfer order. The circuit court appointed new counsel to represent Green, and on September 2, 1994, Green, with counsel presént, pleaded guilty to and was convicted of four counts of robbery in the first degree and was sentenced to 20 years in the penitentiary for each conviction, the sentences to run concurrently. Green did not file a direct appeal from his guilty plea convictions.
On or about May 22, 1996, Green filed the present Rule 32 petition in the circuit court, arguing that his robbery convictions were due to be aside because, he said, his attorney in the juvenile proceedings was ineffective for failing to advise him of his right to appeal the juvenile court’s transfer order and for failing to ensure that he received a mental examination before the transfer hearing. Green further alleged that the juvenile court’s transfer order failed to comply with the requirements of § 12 — 15—34(d), Ala.Code 1975. Following an evidentiary hearing, the circuit court denied Green’s petition.
Recently, in Ex parte A.D.R., 690 So.2d 1208 (Ala.1996), the Alabama Supreme Court noted that “[n]either the Alabama Rules of Criminal Procedure nor the Alabama Rules of Juvenile Procedure address the question of how a court may consider a juvenile’s claims of ineffective assistance of counsel in regard to the transfer hearing, where no appeal is taken.” A.D.R., 690 So.2d at 1209. The petitioner in A.D.R. had been transferred to the circuit court to be tried as an adult on three counts of capital murder after a transfer hearing in the juvenile court. Neither A.D.R.’s attorney in the juvenile proceedings nor the juvenile court judge informed A.D.R. of his right to appeal the juvenile court’s transfer order, and this court dismissed as untimely an appeal filed on behalf of A.D.R. by A.D.R.’s new counsel,, who had been appointed only after the 14-day period for appeal from the juvenile court’s transfer order had expired. AD.R.’s counsel then filed in the juvenile court what he called a Rule 32 petition for “relief from judgment,” arguing therein that A.D.R’s attorney in the juvenile proceedings was ineffective for failing to appeal his transfer order without his knowledge, consent, or approval. The juvenile court dismissed the petition, and A.D.R. appealed to this court. Citing J.M.V. v. State, 651 So.2d 1087, 1089 (Ala.Cr.App.1994), wherein we stated that “Rule 32, Ala.R.Crim.P., does not apply to juvenile transfer hearings,” this court dismissed AD.R.’s appeal in an unpublished memorandum. The Alabama Supreme Court, however, reversed this court’s judgment and remanded the case' with instructions to allow A.D.R. an out-of-time appeal of the transfer order.
In reversing our judgment, the Supreme Court held that “[¡justice requires” that A.D.R. be allowed an out-of-time appeal because of the absence of a procedural rule providing a method for a juvenile to allege ineffective assistance of counsel in regard to his or her transfer hearing when no appeal has been taken from the transfer order. A.D.R., 690 So.2d at 1209. In reaching its holding, the Court reasoned:
“At this point we are faced with either allowing A.D.R. to use Rule 32 to raise the issue of ineffective assistance of counsel in regard to the transfer hearing, or requiring him to await trial and, if convicted, raise it on appeal of the conviction or by a Rule 32 petition. A.D.R. awaits trial in three counts of capital murder. It would be a waste of time and money for the circuit court to try him as an adult and then, if he is convicted, for the appellate courts to reverse because he had been provided ineffective assistance of counsel.”
A.D.R., 690 So.2d at 1209.
In arguing in his Rule 32 petition that his attorney during the juvenile proceedings was ineffective, Green, however, finds himself in a *550 very different posture than A.D.R. did when making a similar claim in his petition. Unlike A.D.R., Green entered pleas of guilty while represented by counsel in circuit court and has been convicted upon those pleas. He had the opportunity thereafter to appeal from those convictions and to raise his claim of ineffective assistance counsel in such an appeal; however, Green did not appeal his convictions. It appears, moreover, that Green, when pleading guilty, did not reserve for review any claim that he had received ineffective assistance of counsel during his juvenile proceedings and that he did not move in any fashion to withdraw his guilty pleas while in the circuit court on the basis that he had ineffective counsel during his juvenile proceedings.
At the hearing on Green’s Rule 32 petition, the district attorney maintained that the circuit judge had notified Green of his right to appeal from his guilty plea convictions when the judge pronounced judgment of sentence for those convictions. Green did not dispute the district attorney’s contention in this regard, but instead argued only that his attorney during the juvenile transfer proceedings, who was different from his attorney in the circuit court proceedings, did not advise him of his right to appeal the juvenile court’s transfer order. In fact, Green specifically stated that his allegation of ineffective assistance of counsel did not apply to his attorney during the circuit court proceedings.
In its order denying Green’s Rule 32 petition, the circuit court found as follows:
“This Court having considered petitioner’s Petition for Relief from Conviction or Sentence, the State’s Motion for Summary Disposition, and the arguments raised at the hearing of October 4, 1996, this court finds that petitioner’s allegations are precluded by Rule 32.2(a)(3) [and] (5) A.R.Cr. P., because these issues could have been raised at trial or on appeal but were not. In addition, this Court specifically finds that petitioner’s allegation of ineffective assistance of counsel is without merit. The petitioner cannot show that his counsel was deficient for failing to file an appeal for the transfer of his case from Juvenile Court to Circuit Court nor can he prove that but for any deficiency the outcome of his case would have been different. The petitioner’s allegation of ineffective counsel is nothing more than a bare allegation of a violation of [a] constitutional right and is due to be summarily denied. Rule 32.6 A.R.Crim.P.”
(C. 24.)
Green did not specifically reserve his claim that he had received ineffective assistance of counsel during his juvenile proceedings when he entered his guilty pleas in circuit court, and he did not move to withdraw his guilty pleas and did not appeal from his guilty plea convictions and allege in an appeal that he had received ineffective assistance of counsel in the juvenile proceedings; therefore, we hold that the circuit court correctly found that Green’s claim that he received ineffective assistance of counsel during the juvenile proceedings is barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P. Our holding in this regard is based in part on the Supreme Court’s indication in A.D.R., supra, that a juvenile who has been transferred to circuit court for trial as an adult and is then convicted in circuit court may thereafter raise a claim of ineffective assistance of counsel in regard to the transfer hearing on appeal of his or her conviction. See A.D.R., 690 So.2d at 1209. Green, who does not dispute that he was advised of his right to appeal from his convictions in circuit court, has been afforded opportunities to raise a claim of ineffective assistance of counsel that were not afforded to the petitioner in A.D.R.[1] Likewise, Green’s claim that the juvenile court’s transfer order failed to comply with the requirements of § 12-15-34(d), Ala.Code 1975, is also barred by Rule 32.2(a)(3) and (5).
Furthermore, even if we were to conclude that the procedural bars set out in Rule 32 were inapplicable to the facts of Green’s case, we would still hold that the circuit court was correct in denying Green’s petition on the ground that Green’s claim of ineffective assistance of counsel during his juvenile proceedings amounted to a bare allegation that *551 his constitutional rights had been violated. Apart from counsel’s failure to appeal from the juvenile court’s transfer order, the only-substantive claim Green has presented with regard to his attorney’s ineffective performance during the juvenile proceedings concerns his attorney’s failure to ensure that Green received a mental examination prior to the transfer hearing. The failure of Green’s attorney to seek such a mental examination for Green would not be per se ineffective performance, and Green, in his petition and at the hearing on his petition, presented absolutely no argument or evidence as to how such a mental examination would have benefited him. Nor did Green present any argument or evidence concerning the alleged deficiency in the juvenile court’s transfer order. In fact, Green failed altogether to allege in what manner the transfer order was deficient. In this respect, the claims in Green’s petition are distinguishable from the claim of the petitioner in Ex parte Cruse, 474 So.2d 109 (Ala.1985), where the Alabama Supreme Court held that a coram nobis petitioner, who had been convicted in circuit court, was entitled to relief on his claim that his counsel was ineffective for failing to appeal the order of the juvenile court transferring him to the circuit court for trial. The Supreme Court found that the petitioner in Cruse had alleged and proven facts establishing the deficiency in the juvenile court’s transfer order, which, in and of themselves, would have been enough to warrant a reversal on an appeal from that order. Because Green did not allege or prove facts that would warrant a reversal on appeal from the juvenile court’s transfer order, we do not find that justice requires that Green’s case be remanded so that he can file an out-of-time appeal of the transfer order.
The judgment of the circuit court denying Green’s petition is affirmed.
AFFIRMED.
All Judges concur.

. We note that Green did not allege in his petition or at the hearing on his petition that his guilty pleas were not entered knowingly and voluntarily.