BROWN, Judge.
The appellant, A.D.R., appeals from the juvenile court’s denial of his Rule 32, Ala. R.Crim.P., petition for post-conviction relief, in which he challenged the juvenile court’s order transferring him to the Lee County Circuit Court for prosecution as an adult. An understanding of the procedural history of this case is necessary to the resolution of the issues presented in this appeal.
In April 1995, the appellant was charged with four counts of capital murder, based upon the deaths of three people. The district attorney moved to transfer the appellant to circuit court for prosecution as an adult, pursuant to § 12-15-34, Code of Alabama 1975. On April 17, 1995, following a hearing, the juvenile court ordered that the appellant be transferred to circuit court for prosecution as an adult. Apparently neither the appellant’s attorney in the juvenile proceedings nor the juvenile court judge informed the appellant of his right to appeal the transfer order. After the 14-day period for appeal from the transfer order (see Rule 28, Ala.R.Juv.P.) had expired, the circuit court appointed new counsel to represent the appellant in circuit court.
On May 10, 1995, the appellant, through his newly appointed counsel, filed a motion in the juvenile court seeking a rehearing on the decision to transfer him to circuit court for prosecution as an adult. The rehearing motion was denied on May 15, 1995. On June 16, 1995, the appellant’s appeal to this Court from the denial of the rehearing motion was dismissed, without *906 opinion. A.D.R. v. State, 678 So.2d 816 (Ala.Cr.App.1995) (table).
On November 1, 1995, the appellant, through counsel, challenged the juvenile court’s transfer order by filing a petition with the juvenile court that was styled as a Rule 32, Ala.R.Crim.P., petition for “relief from judgment.” In support of that petition, the appellant argued, in pertinent part, that his counsel in the transfer proceedings had been ineffective. The district attorney did not address the appellant’s allegations, but instead moved to dismiss the petition on the ground that a Rule 32 petition was not the appropriate method by which to challenge a juvenile court’s transfer order. On November 3, 1995, the juvenile court dismissed the petition. The appellant appealed the dismissal of his petition to this Court. This Court dismissed the appeal in an unpublished memorandum, holding that Rule 32 did not apply to juvenile transfer proceedings. A.D.R. v. State, 687 So.2d 231 (Ala.Cr.App.1996) (table); see Rule 54, Ala.R.App.P.
The Alabama Supreme Court granted the appellant’s petition for a writ of certio-rari and reversed the judgment of this Court. We quote extensively from the Alabama Supreme Court’s opinion:
“A.D.R. filed a Rule 32 ‘petition for relief from judgment.’ The Court of Criminal Appeals held in its unpublished memorandum that Rule 32 relief is available only after a conviction and that Rule 32 affords no mechanism for a court to consider a claim of ineffective assistance of counsel at a transfer hearing, citing J.M.V. v. State, 651 So.2d 1087, 1089 (Ala.Crim.App.1994). In J.M.V. the Court of Criminal Appeals stated that Rule 32 ‘does not apply to juvenile transfer hearings.’ Id. at 1089. By its terms, Rule 32 applies to ‘any defendant who has been convicted of a criminal offense.’
“While a transfer order is not a conviction, this Court has held that a transfer hearing is a critical stage in a criminal proceeding and therefore requires the assistance of competent counsel. Neither the Alabama Rules of Criminal Procedure nor the Alabama Rules of Juvenile Procedure address the question of how a court may consider a juvenile’s claims of ineffective assistance of counsel in regard to the transfer hearing, where no appeal is taken. The petition for the writ of error coram nobis has historically been available for a criminal defendant to raise allegations of ineffective assistance of counsel. Thompson v. State, 525 So.2d 820 (Ala.1985). In fact, in [Ex parte Cruse, 474 So.2d 109 (1985) ], the juvenile raised the issue of his counsel’s failure to appeal the transfer order, by petitioning for the writ of error eoram nobis. 474 So.2d at 109. Rule 32, Ala. R.Crim. P., incorporates the procedure for filing what was classified under prior practice as a petition for the writ of error coram nobis. See H. Maddox, Alabama Rules of Criminal Procedure, § 32.0 at 782 (1990). Because no other procedure is provided by our procedural rules, A.D.R. has raised the issue of ineffective assistance of counsel by the use of Rule 32, which incorporated the petition for the writ of error coram nobis. At this point we are faced with either allowing A.D.R. to use Rule 32 to raise the issue of ineffective assistance of counsel in regard to the transfer hearing, or requiring him to await trial and, if convicted, raise it on appeal of the conviction or by a Rule 32 petition. A.D.R. awaits trial on capital murder. It would be a ivaste of time and money for the circuit court to try him as an adult and then, if he is convicted, for the appellate courts to reverse because he had been provided ineffective assistance of counsel.
[[Image here]]
“Justice requires that we reverse the judgment of the Court of Criminal Appeals and remand this case with instructions to allow an out-of-time appeal of the transfer order.
*907 “The facts of this case indicate a need to amend the Alabama Rules of Juvenile Procedure or the Alabama Rules of Criminal Procedure to designate the procedure to be followed in a fact situation such as this. Until our procedural rules are amended to deal specifically with this problem, this opinion should serve to remind juvenile judges of the duty to ensure that a juvenile is notified of the right to appeal from a transfer order, and it likewise should serve to remind counsel representing a juvenile to inform the client of his or her rights.”
Ex parte A.D.R., 690 So.2d 1208, 1209-10 (Ala.1996). (Emphasis added.) However, before the Alabama Supreme Court issued its opinion, the appellant was tried and convicted of one count of capital murder. He was sentenced to life imprisonment without the possibility of parole. That conviction is pending on appeal in this Court (docket no. CR-95-0939).
On remand from the Alabama Supreme Court, this Court reversed the judgment of the juvenile court and remanded the case with instructions that the juvenile court allow an out-of-time appeal of the transfer order. A.D.R. v. State, 690 So.2d 1210 (Ala.Cr.App.1997). The appellant sought guidance from this Court as to how to proceed following our order of remand. Pursuant to our instructions, the appellant filed a new appeal in this Court. A new docket number was assigned to the appellant’s current appeal.
In his brief to this Court, the appellant argues that his counsel in the juvenile proceedings had rendered ineffective assistance. Specifically, the appellant maintains:
1. That he was “denied effective assistance of counsel due to a conflict of interest between the attorney representing him and the office of the district attorney”;
2. That he was “denied effective assistance of counsel due to appellant’s absence from the courtroom during his detention hearing”;
3. That he was “denied effective assistance of counsel due to the stipulation to probable cause by the guardian ad litem during his detention hearing before the same judge who would later preside over the transfer hearing where probable cause is a critical issue”;
4. That he was denied “effective assistance of counsel due to the failure of the guardian ad litem to insist on an evaluation by a psychiatrist in compliance with the motion which was granted by the court”;
5. That he was “denied effective assistance of counsel due to the failure of the guardian ad litem to appeal the order of transfer or to properly inform the child of his right to an appeal so the child could decide if he wanted to appeal the order.”
(Appellant’s brief, pp. 7-8.) All of the appellant’s allegations of ineffective assistance of counsel were previously presented in his Rule 32 petition. (C.R.26-28.)
The state maintains that the appellant’s allegations of ineffective assistance of counsel are precluded from review. Specifically, it argues:
“[T]he Alabama Supreme Court reversed and remanded this case with instructions to allow A.D.R. an out-of-time appeal of the transfer order. In essence, the Supreme Court wiped the slate clean, giving A.D.R. a second chance to appeal his transfer for trial as an adult. Thus, under the remandment order of the Supreme Court, A.D.R. had fourteen days to file his appeal. Within that time, he should have presented these issues to the trial court, either by petition or motion to allow the juvenile court the first opportunity to address them. For example, the juvenile court might have determined an evidentiary hearing was in order regarding AD.R.’s claims of ineffective assistance of counsel. However, A.D.R. did nothing in the time allotted him, but refile the identical brief filed in the previous appeal. As a result, AD.R’s claims of ineffective assistance of counsel have never been *908 addressed on the merits by the trial court. If there is indeed, any merit to A.D.R.’s claims of ineffective assistance of counsel ... the trial court should have been given the first opportunity to address those claims, either by written order, or by holding an evidentiary hearing.
“A.D.R.’s motion for rehearing filed May 10, 1995, and his Rule 32 petition filed November 1, 1995, are not sufficient to preserve these issues in this new appeal. The trial court was without jurisdiction to consider the motion for rehearing, which was filed long after the time for appeal had run, and did not entertain A.D.R.’s Rule 82 petition» or the merits of the issues therein. In fact, the court ruled that Rule 32, Ala. R.Crim.P. was inapplicable to juvenile proceedings, and did not go to the merits of the issues.”
(Appellee’s brief, pp. 17-18) (Emphasis added.)
Much of the confusion in this case can be attributed to the ambiguous instructions of the Alabama Supreme Court. As noted above, in the first part of its opinion, the Court implied that it was remanding the case to allow A.D.R. to raise in a Rule 32 petition “the issue of ineffective assistance of counsel in regard to the transfer hearing.”
Later in the opinion, however, the Court stated that it was remanding the case for the different remedy of an “out-of-time appeal of the transfer order.”
We are convinced from our reading of Ex parte A.D.R. that what the Supreme Court intended was that the appellant be allowed to pursue his allegations of ineffective counsel by means of the Rule 32 petition, which the juvenile court had summarily dismissed. Our previous order of remand should therefore have instructed the juvenile court to consider the appellant’s Rule 32 petition. Instead, however, because of the lack of clear guidance from the Alabama Supreme Court, we simply instructed the juvenile court to grant an out-of-time appeal.
Based on our confusing remand order, the appellant then filed the present appeal, asserting the same issues of ineffective assistance of counsel that he had previously presented in the Rule 32 petition.
As noted above, the state argues that these allegations of ineffective assistance of counsel are not properly before this court because, it says, they were not presented to the juvenile court after this Court’s order of remand. We believe that it would be a hollow victory to grant the appellant a remedy that allows him to assert his claims of ineffective assistance of counsel, but then to find that the assertions of ineffective assistance that he now raises are precluded because he did not reallege them to the juvenile court. This was surely not the intent behind the Alabama Supreme Court’s opinion. The Alabama Supreme Court acknowledged in its opinion that because no appeal was taken from the transfer order, the Rule 32 petition was the only practical method available by which the appellant could challenge the effectiveness his counsel in the juvenile proceedings. All of the appellant’s allegations of ineffective assistance of counsel raised in this appeal were presented to the juvenile court in his Rule 32 petition. Under the unique circumstances of this case, requiring the appellant to again present the same claims to the juvenile court that he previously presented in his Rule 32 petition in order to perfect his appeal would be placing a premium on form over substance. Accordingly, we find that the appellant’s allegations of ineffective assistance of counsel were not waived by his failure to again present them to the juvenile court after this Court’s order of remand.
Nevertheless, we are faced with the dilemma of how to evaluate the appellant’s allegations of ineffective assistance of counsel. As noted above, the juvenile court dismissed the appellant’s Rule 32 petition because it found that the Rule 32 petition was not applicable to juvenile proceedings — the juvenile court apparently *909 never actually addressed the allegations presented in the petition. The whole intent of the Alabama Supreme Court’s opinion was that under the circumstances of this case, the Rule 32 petition was the only practical means by which the appellant could challenge the juvenile court’s transfer order and the effectiveness of his counsel. We believe that to simply grant the appellant an appeal without first giving him an opportunity to have his allegations considered by the juvenile court renders the Alabama Supreme Court’s decision “toothless.”
We therefore remand this cause to the juvenile court with instructions that the juvenile court consider the appellant’s Rule 32 petition. On remand, the juvenile court may conduct such further proceedings or take such other evidence as it deems necessary. See Rule 32.9, Ala. R.Crim.P. Should the juvenile court deem it necessary to hold an evidentiary hearing addressing the appellant’s allegations, the juvenile court’s return to remand shall include a transcript of those proceedings. In the event that the juvenile court conducts an evidentiary hearing or takes evidence as provided in Rule 32.9(a), Ala. R.Crim.P., on the appellant’s allegations, Rule 32.9(d) requires that the juvenile court enter a finding of fact addressing each material issue of fact presented. On remand, the juvenile court may, in its discretion, require a more thorough response from the state. The juvenile court should take the necessary action to ensure that the clerk makes due return to this Court at the earliest possible time with 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. *
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.